# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BARRY WAYNE SILVER, JR.,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-1565-Orl-40DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. 20)** |
| **FILED:** | **September 29, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On August 26, 2014, Plaintiff's applications for disability benefits were denied. Doc. 1 at ¶ 6. On September 17, 2014, Plaintiff and Richard A. Culbertson, Esq. (Counsel), entered into a contingency fee agreement (the Agreement) whereby Plaintiff agreed to pay Counsel a fee of 25% of the total amount of past-due benefits ultimately awarded. Doc. 20-1. On December 5, 2014, before the Court entered a Social Security Scheduling Order, the Commissioner filed an Unopposed Motion for Entry of Judgment with Remand (the Motion to Remand). Doc. 12. On

December 30, 2014, in light of the Motion to Remand, the Court entered judgment reversing and remanding this case to the Commissioner of Social Security (the Commissioner) for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 15. On April 2, 2015, Plaintiff was awarded attorney fees in the amount of $608.19 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the EAJA). Doc. 19.

The Commissioner ultimately determined Claimant is disabled, and awarded past-due benefits totaling $38,905.00. *See* Doc. 20-2. On August 31, 2016, the Commissioner sent Counsel a letter indicating that she withheld 25% of Plaintiff's past-due benefits, *i.e.*, $9,726.25,[1] to pay his legal fees, and she approved payment of $4,000.00 of that total to Plaintiff's administrative representative. *Id*.[2]

On September 29, 2016, Counsel filed a Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (the Motion for Fees). Doc. 20. Counsel requests an order authorizing him to charge and collect $2,500.00 in attorney fees from Plaintiff, pursuant to 42 U.S.C. § 406(b), which he calculates as follows:

| | |
|---|---|
| $9,726.25 | (25% past-due benefits) |
| - $4,000.00 | (§ 406(a) fees) |
| - $608.19 | (EAJA fees) |
| - $2,618.06 | (Counsel's voluntary reduction) |
| $2,500.00 | (Requested § 406(b) fees) |

*Id*. at 2, 5. On October 13, 2016, the Commissioner filed a response to the Motion. Doc. 21. The Commissioner maintains Counsel has not explained whether he intends to subtract the EAJA fee from the award or refund the EAJA fee to Plaintiff, thus creating uncertainty "as to the total

---

1 There is no dispute this figure represents 25% of Plaintiff's past-due benefits. *See* Doc. 21.

2 The letter does not expressly state that the amount awarded by the Commissioner ($4,000.00) is being paid pursuant to 42 U.S.C. § 406(a). *See* Doc. 20-2. There is, however, no doubt that the fee approved by the Commissioner is being paid pursuant to § 406(a), because § 406(a) fees may only be approved and awarded by the Commissioner. 42 U.S.C. § 406(a)(1).

amount of his request and the effective hourly rate of such request." *Id*. at 2. Nevertheless, the Commissioner states that she does not oppose the amount of fees requested by Counsel. *Id*.

**II. LAW.**

There are two statutory provisions through which attorneys representing claimants in Social Security Disability cases may receive compensation after remand from the district court and a subsequent award of past-due benefits: 42 U.S.C. § 406(a) and § 406(b). First, § 406(a) provides the avenue for attorneys seeking a fee for work done before the Commissioner at the administrative level. The fee allowed under § 406(a) is paid out of claimant's past-due benefits, and cannot exceed the lesser of 25% of claimant's past-due benefits or fixed amount. 42 U.S.C. § 406(a)(2)(A)-(B).

Second, pursuant to § 406(b), a court "entering judgment in favor of a Social Security benefits claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting 42 U.S.C. § 406(b)(1)(A)). As with § 406(a), a fee allowed pursuant to § 406(b) must be paid out of claimant's past-due benefits. *See Id*.; *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276-77 (11th Cir. 2006).

The aggregate allowance of fees awarded under both § 406(a) and § 406(b) cannot exceed 25% of claimant's past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).[3]

In certain cases, attorneys seeking fees under § 406(a) and § 406(b) may have received an earlier attorney fee award pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

EAJA). The court may award a fee to a claimant pursuant to the EAJA following reversal and remand of the Commissioner's decision. *See* 28 U.S.C. § 2142(d)(1)(A); *Jackson*, 601 F.3d at 1271. Any fee awarded pursuant to the EAJA is paid by the United States, and is not deducted from Plaintiff's past-due benefits. *Cf.* 28 U.S.C. § 2142(d)(1)(A); *Jackson*, 601 F.3d at 1271.

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense. *See* 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *See Jackson*, 601 F.3d at 1271.

The reasonableness of an attorney fee under § 406(b) depends upon whether claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between claimant and counsel. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely upon the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807-08. Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id*. Factors a court may consider are (1) the character of the attorney's representation and the result achieved, (2) the number of hours spent representing the claimant and the attorney's normal billing rate, (3) the risk involved in taking claimant's case on a contingency basis, and (4) whether the attorney was responsible for delaying the proceedings. *See Id*. at 808; *Wells*, 907 F.2d at 370-71; *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989);

*McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate does not control a court's determination of overall reasonableness). Counsel bears the burden of showing that the fee sought is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III. ANALYSIS.

Plaintiff was awarded past-due benefits following remand. *See* Doc. 20-2. Therefore, the Court may award fees pursuant to § 406(b). The Court must address whether the requested § 406(b) fees exceed 25% of claimant's past-due benefits, and whether it is reasonable.

### A. Aggregate Allowance of Fees.

The Court finds that Counsel's request for § 406(b) fees does not exceed 25% of Plaintiff's past-due benefits. The Commissioner withheld 25% percent of Plaintiff's past-due benefits ($9,726.25) to pay his representatives. Doc. 20-2 at 1. Plaintiff's administrative representative was paid $4,000.00 in § 406(a) fees. *Id*. Therefore, Counsel may collect no more than $5,726.25 in § 406(b) fees. The Court finds, contrary to the Commissioner's argument, that Counsel elected to subtract the previously awarded EAJA fee ($608.19) from the foregoing amount. *See* Doc. 20 at 2. Further, Counsel agreed to voluntarily reduce his request for § 406(b) fees by an additional $2,618.06, because of the limited amount of work he and his associate performed prior to the entry of judgment. *Id*. As a result, Counsel seeks to charge and collect $2,500.00 in EAJA fees, which is significantly less than 25% of Plaintiff's past-due benefits.

### B. Reasonableness of the Contingency-Fee.

The Court finds that Counsel's request for § 406(b) fees is reasonable. Counsel and his associate are experienced Social Security attorneys who expended 3.2 hours litigating Plaintiff's

case before this Court. Doc. 20 at 2. As a result, Plaintiff was successful on her claim and became entitled not only to past-due benefits, but also to future benefits to which Plaintiff would not otherwise have been entitled. *See* Doc. 20-2. Although Counsel's effective hourly rate in this matter is undoubtedly high, the Court does not believe it is so high as to be considered unjust to Plaintiff or a "windfall" for Counsel given that Counsel undertook significant risk of non-payment by taking Plaintiff's case on contingency after his case had already been denied by the Commissioner and agreed to accept significantly less fees that he is entitled to collect under the Agreement. Further, Plaintiff was free to negotiate Counsel's rate or to seek out less expensive Counsel. Plaintiff is entitled to pay more to secure effective representation if he so chooses, and the fact that Plaintiff chose to proceed with a highly experienced Social Security attorney who achieved the desired result should be given significant weight. Given the foregoing, the Court finds that Counsel's requested fee of $2,500.00 is reasonable under the circumstances of this case.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion for Fees (Doc. 20) be **GRANTED**; and
2. Counsel be authorized to charge and collect from Plaintiff the sum of $2,500.00 in § 406(b) fees.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on November 8, 2016.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy